### S. L. Jeffers v. The State.

#### No. 3429.  Decided February 17, 1915.

**Assault—Insufficiency of the Evidence.**

Where, upon trial of assault, the evidence was insufficient to sustain a conviction, the same was reversible error.

Appeal from the County Court of Coke.  Tried below before the Hon. G. S. Arnold.

Appeal from a conviction of simple assault; penalty, $20.

The opinion states the case.

No brief on file for appellant.

C. C. McDonald, Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was adjudged guilty of an assault and his punishment assessed at a fine of $20.

The only serious question in the case is, does the evidence authorize a conviction?  The State introduced but one witness, Robert Smith, and he testified he was at the home of defendant with others; that they were on the front porch, and were fooling with the six-year-old son of appellant—throwing his ball away and hiding his hat.  He says the little boy got mad and commenced to throw rocks and chunks at them, and finally threw a few links of a chain.  He, Smith, says he caught the chain and threw it at the boy, striking him.  The boy cried, when defendant came out of the house and asked his little boy what was the matter, when the boy told his father that he, Smith, had struck him.  Appellant asked Smith why he did so, when he replied he could not make him behave any other way.  Smith says appellant started toward him when he picked up a piece of tent pole and struck at appellant; that appellant dodged down and picked up a dumb-bell and threw it at him, striking him on the head.  That he struck appellant with the tent pole before appellant picked up or threw the bell.  He says he thought appellant was going to attack him is the reason why he got the pole and struck him.  This is all the testimony offered in behalf of the State.

The evidence shows that when Smith struck the child with the chain it was with such force as to leave the print of three links on the back—the flesh being bruised in the shape of the links.  When he struck appellant with the pole he made a bruised place two inches wide and five or six inches long.

All the State's case is, that appellant after asking Smith why he struck his child, and receiving the answer he did, started towards Smith, and Smith says he thought he was going to attack him. He did not wait until an attack was made, or appellant had gotten in position to make one, when he struck with the tent pole. We do not think the facts authorize the conviction of appellant—the wrong man was fined.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*